THE PEOPLE vs. HAINER and others, impleaded with Everson.

Where, in a declaration on a recognizance entered into by a party and his sureties for the appearance of the former at the next general sessions, to answer, &c. and to obey the order of the court and not depart without leave, &c. the plaintiffs averred that at the then next term of the sessions, the recognizance was *respited and continued* until and to a succeeding term, and assigned for a breach, that at *such succeeding term* the defendant made default in appearing; *held*, that no sufficient breach of the condition was shewn, and that the declaration was insufficient.

*It seems*, that the court may, at the term at which the party is bound by the recognizance to appear, make a valid order requiring him to appear and answer at a future time.   *Per* BRONSON, C. J.

Where a party bound by recognizance makes default in appearing, according to its condition, and the order to prosecute for such default is respited or delayed to give him an opportunity to appear at a future day, and he again fails to appear, the declaration on the recognizance should proceed upon the failure to appear at the time mentioned in the recognizance.   *Per* BRONSON, C. J.

DEBT on recognizance for $500.   The declaration alleged that the defendants on the 24th July, 1843, came before R. J. H., one of the judges of the Albany county courts, counsellor, &c. and acknowledged themselves held and firmly bound to the people in the sum, &c. if default should be made in the condition, which was, that if Everson should personally appear at the then next court of general sessions to be holden in and for the county of Albany, and then and there answer to a certain indictment against him for forgery, and obey the order and direction of the said court therein, and should not depart the court without leave, then the recognizance should be void.   Averment that the recognizance was duly filed of record; and that the

The People *v.* Hainer.

next court of general sessions for the county was held on the third. Tuesday of September, 1843, at which time the indictment remained pending and undetermined; and such proceedings were thereupon had that the recognizance was in due form of law respited and continued until and to the June term of the court held on the 11th day of June, 1844: and at that sitting of the court Everson failed in the performance of the condition, in this, to wit, that being then and there called in court he did not appear, whereupon an order was entered forfeiting the recognizance, &c. Yet the defendants have not paid, &c.

Plea 1. *Nul tiel record.* 2. That Everson did personally appear at the said then next court of general sessions held in and for the county of Albany on the third Tuesday of September, 1843, and there remained, and was then and there ready and did answer the said indictment; and was then and there ready, and did obey every order and direction of the said court therein according to the tenor and effect, true intent and meaning of the said recognizance; and did not depart the court until he then and there had leave. Verification. 3. That the said pretended respiting and continuing the said recognizance until June, 1844, was had and done without the consent and against the will of the said defendants. Verification. The district attorney demurred to the second and third pleas, and the defendants joined in demurrer.

*E. C. Litchfield*, (district attorney,) for the people, cited 5 *Barn. & Ald.* 728; 1 *Lewin's Cr. Cas.* 294; 1 *Gall. Rep.* 1; 15 *Verm. R.* 677; 10 *Wend.* 509; 17 *id.* 374; 11 *Mod.* 200; 18 *Vin. Abr.* 167; 12 *Wend.* 475; *Crown Cir. Comp.* 20; 2 *Chit. Gen. Pr.* 402-3; 6 *Price,* 83; 7 *id.* 557; *Carrington's Cr. Law,* 122—4.)

*J. Percy*, for the defendants, cited 5 *Hill,* 647; *Hawk. b.* 2, *c.* 15, §§ 84, 85, *and note;* 8 *Mod.* 288; 1 *Chit. Cr. Law,* 105, 106; 2 *Penn. Rep.* 240.

The People *v.* Hainer.

*By the Court,* BRONSON, Ch. J.   It will not be necessary to examine the special pleas, for I think the declaration bad. It shows no breach of the condition of the recognizance.  The condition was, that Everson should appear at the next court of general sessions, which was held in September, 1843; and it is not alleged that Everson did not appear at that time, or that any order of the court was then made which he has neglected to obey.  The district attorney relies on a default nine months afterwards, in June, 1844, to which time it is said the recognizance was "respited and continued."  The pleader has not told us what he means by those words.  After a default in appearing at the time mentioned in the recognizance, the estreating of it into the exchequer for the purpose of collecting the money is sometimes respited until a future day; and if the party appears at that time and abides the order of the court, the forfeiture previously incurred is not enforced.  But if there is a second default, the recognizance is then estreated.  In this state, where a suit on the recognizance has taken the place of the former estreat into the exchequer, if the party do not appear pursuant to the terms of the recognizance, the order for a suit is sometimes respited or delayed until a future day; and then if the party makes default, a suit upon the recognizance is ordered and brought.  But in that case the pleader need take no notice of the respite; but should allege for a breach the original default, or the non-appearance at the time mentioned in the recognizance.   When a suit is thus delayed, the party is not bound by the recognizance to appear at the adjourned day; but he appears at that time to save the consequences of a forfeiture already incurred.

This question might have been made in some of the cases cited at the bar; but it was not done.  The question is now made; and I am unable to see how a neglect to appear in June, 1844, can amount to the breach of an obligation to appear in September, 1843.

Everson was bound, not only to appear and answer the indictment, but to "obey the order and direction of the said court

therein." Under this clause the court might, perhaps, have made an obligatory order that Everson should appear and answer at a future day. But it is not averred that any such order was made.

Judgment for defendants.