GENTRY vs. THE STATE.

A recognizance to "appear at the next term of the court, and not to depart thence without leave," &c., as prescribed by the statute, (*Gould's Dig., ch.* 52, *sec.* 59,) binds the recognizor to appear not only at that time, but if, from any cause, the court be not then held, at the subsequent term of the court; and if he fail to appear, the recognizance is forfeited.

*Error to Clark Circuit Court.*

Hon. A. A. STITH, Circuit Judge.

FLANAGIN, for the plaintiff in error.

It was error to take a forfeiture of the recognizance at a sub-

term—the court having failed to meet at the term following the date of it.  2 *Penn. Rep.* 24 ; 3 *Yerger* 281 ; 3 *Dana* 224.

Mr. Justice Compton delivered the opinion of the court.

Gentry, the plaintiff in error, on the 21st day of April, 1855, entered into a recognizance in the penalty of one hundred and ten dollars, conditioned for the appearance of Eli Tucker—who was principal in the recognizance—before the Circuit Court of Clark county, at September term, 1855, to answer an indictment preferred against him for assault and battery.  As shown by the record, the September term, (1855,) of the court was not held, owing to the illness of the presiding Judge.  At March term, 1856—which was the next regular term thereafter—Tucker failed to appear, and the recognizance was forfeited.  At the September term following—*scire facias* having been regularly served—the plaintiff in error defaulted, and judgment was rendered against him.

It is insisted that, according to the condition of the recognizance, the principal recognizor was not bound to appear at March term, 1856, and that his failure to do so, did not warrant a forfeiture of the recognizance.  The court thinks differently. True, a part of the condition is, that "the said Eli Tucker shall be and appear at and before said court at the place aforesaid, on the first day of said next term, (Sept., 1855,) thereof, then and there to answer said charge," &c.  But this is not all—the condition proceeds "and shall not depart thence without leave of said court."  This condition is, substantially, in accordance with the statute, (*Gould's Dig.*, chap. 52, sec. 59,) and by its terms, the principal recognizor was bound to appear, not only at the term mentioned in the recognizance, but at each succeeding term thereafter, until acquitted, or otherwise legally discharged, or if found guilty, until sentence was passed on him— if not permitted to depart sooner by leave of the court.

Finding no error in the record, the judgment must be affirmed