CHIEF JUSTICE PETERS
delivered the opinion oe the court :
One Staples was arrested on a charge of passing counterfeit money, and taken before two justices of peace for Trimble county as an examining court, who, after examining into the charge,' held him to answer in the circuit court, and being admitted to bail in the sum of $500, appellee, as his surety, undertook that said Staples should appear in the Trimble circuit court on the 1st day of its May term thereafter, and render himself amenable to the orders and processes of said court in the prosecution of the offense with which he was charged, and, if convicted, render himself in execution thereof; and on his failure in either, Branch, his surety, undertook to pay the Commonwealth $500.
No circuit court was held for Trimble county the succeeding May after the execution of said bail bond; but, *60 at the next October term of said court, Staples was indicted for the offense with which he was charged before-the justices, and to answer for which, he and his bail undertook that he should appear in the Trimble circuit court on the 1st day of its May term, 1865.
At the May term, 1866, of said court, said bail bond was adjudged forfeited, and a summons having been executed on appellee to show cause why judgment should not be rendered against him for the penalty of the bond, he, for his defense, relied upon the following facts, in addition to those already stated, that after the grand jury for Trimble county had indicted Staples, on motion of the attorney for the Commonwealth a bench warrant was issued and placed in the hands of the sheriff of said county, against said Staples, and his bail fixed at $250; that the sheriff, by virtue of said bench warrant, arrested Staples, and afterwards permitted him to escape, without the knowledge or consent of appellee. Said answer was subsequently amended by adding that an order was indorsed on said bench warrant admitting Staples to bail in $250, and he was entitled to bail in that sum for the same offense for which appellant became his bail, and that, under said bench warrant, and before any judgment of forfeiture had been rendered, said bench warrant was issued, and Staples was arrested by the sheriff of Trimble county, who permitted him to escape without the consent of appellee.
Does this answer present a valid defense? We think not. It was the duty of Staples to appear on the 1st day of the October term, 1865, of the Trimble circuit court, in discharge of the bail bond, which, on account of the failure of the court to sit in May, continued to be operative and binding on the surety for the appearance of the principal at the succeeding October term of said court, when, if he had appeared, no bench warrant would have been *61 ordered, because the necessity therefor would have been ' obviated.
By a failure of the court to adjudge the bail bond forfeited at the October term, 1865, the time was extended in which to surrender the principal by his surety to the jailer of Trimble county, under section 81, Criminal Code; the necessity of which, for his own protection, made the more apparent by the failure of Staples to surrender himself at the time required.
Nor do we perceive how appellee was prejudiced by the issuing of the bench warrant, and the indorsement to admit Staples to bail in the sum of $250. If he had been arrested, or surrendered by the sheriff, or any one else, before judgment was entered against appellee, he would thereby have been placed in a position to apply to the court to remit the penalty specified in the bail bond, under section 94, Criminal Code; so that, while his liabilities were in no way enlarged, the facilities for the arrest of his principal were increased. We are therefore of opinion that the answer did not present a legal defense to the action, and the demurrer of appellant should have been sustained.
Wherefore, the judgment is reversed, and the cause remanded, with directions to sustain the demurrer to the answer, and for further proceedings consistent herewith.