## MOORE VS. THE STATE.

BAIL BOND: *Liability of sureties on forfeiture, etc.*

Burke was indicted, brought into court and pleaded to the indictment; order of court that sheriff admit to bail on giving bond with sureties for appearance at next term; bond and sureties given, each surety binding himself in one-half the amount of bail; defendant appeared at next term of court, and cause continued on motion of the state; he failed to appear at succeeding term and his bond was forfeited. On suit on forfeited bond: *Held*, 1st. That the sheriff had authority to admit to bail. 2d. That where the amount secured was equal, in the aggregate, to the penalty of the bond, the fact that the liability of the sureties was limited to one-half each, did not vitiate the bond. 3d. That the principal recognizor was bound to appear not only to the term mentioned in the recognizance, but to each succeeding term thereafter, until acquitted or discharged by leave of court, or convicted and sentenced.

APPEAL from *Desha* Circuit Court.

Hon. M. L. STEPHNSON, Circuit Judge.

*Pindalls*, for appellant.

*J. R. Montgomery*, Attorney General, for appellee.

COMPTON, Sp. J. This was an action against Benjamin F. Moore on a forfeited bail bond. At the trial in the court

below, the issues were, by consent, submitted to the court sitting without a jury,.and upon the evidence adduced, judgment was rendered against the defendant for $500, to reverse which the appeal in this case is prosecuted.

The evidence, as set out in the bill of exceptions, establishes the following facts : Isham V. Burke was indicted at the fall term, 1869, of the Desha circuit court, for an assault with intent to kill; a bench warrant was issued to the sheriff, on which Burke was arrested and brought into court on the 29th day of October, 1869, at which time he pleaded to the indictment, and the court made an order which was entered of record, directing that he should be admitted to bail in the sum of $1,000 with security to be approved by the sheriff, and then adjourned until court in course. leaving Burke under arrest and in custody of the sheriff; afterward, on the 30th day of October, 1869, Burke was released from custody, by reason of his having entered into the bond on which the action in this case is founded, and which is in the words and figures following :

" Know all men by these presents, that we, Isham V. Burke, as principal, and Samuel R. Moore and Benjamin F. Moore, as securities, are held and firmly bound unto the state of Arkansas, in the full sum of one thousand dollars, for the payment whereof well and truly to be made, we bind ourselves, our heirs and executors firmly by these presents, as witness our hands and seals, at Napoleon, Desha county, Arkansas, on this 30th day of October, 1869. The condition of the above obligation is such, that whereas, the above bound Isham V. Burke was indicted by the grand jury of said county of Desha for an assault with intent to kill; now, if the said I. V. B. shall be and appear at the spring term of the Desha circuit court, to be holden at the court house of said county, on the —— day of April, 1870, and answer said

charge, and not thence depart without leave of court, then this obligation to be null and void, otherwise to be and remain in full force and virtue.     I. V. BURKE.   [Seal.]

" I sign the above obligation to the amount of $500.

"S. R. MOORE.   [Seal.]

" I sign the above obligation to the amount of $500.

"B. F. MOORE.   [Seal.]"

At the spring term, Burke appeared, and, on motion of the state, the case was continued; at the next term thereafter, he failed to appear, and his bond was forfeited.

It is insisted, that in as much as Burke was before the court on the bench warrant, and the court adjourned leaving him under arrest, the sheriff had no authority in law to take the bond sued on and release him from custody, notwithstanding the order of the court, that he should be so admitted to bail.   This objection is not well taken; see *Pinson et al. v. The State*, *ante*, p. 397, where the same question was raised and decided.

It is next insisted that the bond is invald, because it was not executed for the amount, or in the manner required by the order of the court, in this: That the undertaking is not the joint bond of the appellant and Samuel R. Moore for $1,000, but is the separate bond of each for half that sum. There is nothing in the objection.   The amount secured was equal, in the aggregate, to the penalty of the bond, and the fact that the liability of the sureties was limited to $500 each, did not vitiate the bond.

It is also insisted that according to the condition of the bond, Burke was not bound to appear at the fall term, 1870, and that his failure to do so did not warrant a forfeiture of the bond.   The reverse of this was decided to be the law in *Gentry v. The State*, 22 Ark., 544.   This court, remarking in that case, upon the condition of a recognizance similar in

terms to the condition of the bond in this case, said that "the principal recognizor was bound to appear, not only at the term mentioned in the recognizance, but at each succeeding term thereafter until acquitted, or otherwise legally discharged, or if found guilty, until sentence was passed on him, if not permitted to depart sooner by leave of the court."

Let the judgment be affirmed in all things with costs.

STEPHENSON, J., being disqualified, did not sit in this case.