THE PEOPLE V. JOHN GORDON AND JOSEPH WITTELSBERGER.

*Forfeited recognizances.*

There is no substantial variance between a declaration charging respondent with having "feloniously and burglariously broken and entered" and a recognizance reciting that he "did break and enter."

A recognizance requiring the accused to appear from day to day for examination and not depart the court without leave, is enough to bind him to remain in attendance during the whole examination whether continued from day to day or adjourned over to any time and place within the jurisdiction of the magistrate to specify.

A minute made by the police justice upon the files of a case, stating the non-appearance of the accused and the forfeiture of his recognizance, and ordering his re-arrest, is sufficient evidence of his default in an action on the recognizance, even though the clerk had neglected to transfer it to the record of the court.

Secondary evidence of original entries on the files of a police court is admissible if the loss of the files is properly accounted for.

Case made after judgment from Wayne. Submitted June 19. Decided October 9.

ACTION UPON FORFEITED RECOGNIZANCES. Defendants had judgment below.

*Henry N. Brevoort* and *Charles E. Miller* for the People. A recognizance need not set out the offense with the particularity of an indictment, *People v. Rutan,* 3 Mich., 42; *People v. Dennis,* 4 Mich., 609; *Daniels v. People,* 6 Mich., 381; the police justice's memoranda on his files may be proper evidence of his proceedings where his clerk has neglected to make the proper entries in the docket; 1 Greenl. Ev., § 513; unsuccessful search for a document wherever there is reason to believe it may be found, is sufficient to establish its loss, *Stewart v. People,* 23 Mich., 63; the forfeiture of a recognizance may be entered *nunc pro tunc* where the clerk has

neglected to record it, *Rhoads v. Com.*, 15 Penn. St., 272; *McFarlan v. People*, 13 Ill., 9.

*Hawley & Firnane* for defendant Wittlesberger.

MARSTON, J.   Suit was commenced upon a forfeited recognizance.

Upon the trial objections were made that there was a variance between the allegations in the declaration and the recognizance offered in evidence, and that the latter was fatally uncertain and defective.

In the declaration Gordon was charged with having, at a time and place mentioned, "feloniously and burglariously broken and entered" with intent, etc., while the language of the recognizance was that he "did break and enter." These objections were not well taken. The recitals in substance are alike, and the charge as set forth in the recognizance was sufficiently certain and accurate. *Daniels v. People*, 6 Mich., 385.

The recognizance required the respondent to appear in court at a time certain to proceed with the examination, to appear in said court from day to day, as ordered by the court and to not depart without leave.

As we understand counsel it is not claimed that such a condition was improper or invalid, or that respondent would not be bound to appear from day to day during the examination.   The claim made is that such a condition could not be so construed as to require the respondent to appear at some future day to which the examination might be adjourned; that there is a difference between formal adjournments for one or more days, and an examination carried on and continued from day to day.

Any magistrate, for an offense not cognizable by a justice of the peace, may adjourn an examination pending before himself, from time to time, as may be necessary, without the consent of the person charged, and to the same or a different place in the county, as he shall

deem necessary. Comp. L., § 7852. Where a person accused has entered into a recognizance for his appearance before a magistrate, to proceed with an examination, and not to depart the court without leave, such recognizance must be considered as binding him to appear at such time or times, and at such place or places, as the magistrate may, acting within his jurisdiction, lawfully order or direct. The statute clearly contemplates, and the parties signing the recognizance must have understood, that it would remain in full force and effect during the entire examination, and that should the person recognized fail to appear before the magistrate, at such time and place as should be deemed necessary, he would be in default and his recognizance forfeited. The conditions as set forth in the recognizance need not recite or enumerate the several powers possessed by a magistrate upon an examination, and require the accused to observe each and every of them; such a requirement would but enable parties to enter into and forfeit their recognizances with impunity. A recognizance requiring the person accused to appear before the magistrate for examination, in regard to the offense charged, and not depart the court without leave, is sufficient, and under such it would be the duty of the person charged to appear and remain in attendance during the entire examination of the whole matter, whether continued from day to day, or adjourned from time to time, as might be deemed necessary. See Comp. L., § 7854.

Another objection was urged, viz.: that there was no record evidence that default had been made.

It appeared that the police justice, at the time the case was called and the accused failed to appear, made upon the files in the case, a minute of that fact, also that the recognizance was forfeited and a re-arrest ordered. From the notes so made, it was the duty of the clerk of the police court to make up the record, which in this case was not properly done at the time.

The default and forfeiture were complete when the

accused failed to appear and the magistrate had declared and recorded the fact and effect thereof upon the files. The clerk could not by a willful refusal, a negligent omission, or an unavoidable failure, caused by a pressure of other official duties, to make up the record for the official signature of the magistrate, relieve the parties from the responsibility, that had already attached. The memorandum made by the justice upon the files would be proper and sufficient evidence, in an action brought upon the recognizance, to show that default had been made. *Hickey v. Hinsdale*, 8 Mich., 267. The statute, Comp. L., § 7854, does not contemplate that nothing short of a record in the docket of the magistrate of such default would be sufficient, or that the recognizance and record, as made in his docket, should be certified to the circuit. We are of opinion that the original memorandum of the default and forfeiture as minuted upon the files, or upon the recognizance, is the record there contemplated, and would be sufficient evidence, when properly certified to, of the facts there stated. The loss of the files with the original entries thereon, was sufficiently accounted for to admit secondary evidence.

The judgment must be reversed and a judgment rendered in favor of the People for the amount of the recognizance with costs.

The other Justices concurred.