Price et al. v. State of Arkansas.

## PRICE ET AL. v. STATE OF ARKANSAS.

CRIMINAL LAW:   *Bail not released by destruction of indictment.*

Where an indictment is lost or destroyed and a new indictment is found against the defendant for the same offense, his bail for his appearance to answer the first indictment will be liable for the penalty of the bond if he fails to appear and answer the second.

APPEAL from *Sebastian* Circuit Court.
Hon. R. B. RUTHERFORD, Circuit Judge.

*Clendenning & Sandels* for appellants.

The demurrer should have been sustained, first, because section 1743 Gantt's Digest prescribes the manner of

proceeding in such cases; and second, because the facts stated exclude the idea that the State ought to recover.

Where a party is *in court* to answer an indictment, he is subject to the orders of the court. (*10 Yerger, 542–8.*) When two indictments are pending for the same offense, the first shall be deemed to be suspended by the second, and *shall be quashed.* (*Sec. 1803 Gantt's Digest.*) Burning an indictment is no disposition of the prosecution. There were two indictments pending for the same offense, to the last of which Rains had never appeared, nor given bond to do so. The first was never quashed, and defendant was never ordered to stand upon his bond, or answer the second indictment. The sureties never *originally* undertook that Rains should be present to answer the second indictment, nor were they made liable by any order of court in that behalf.

*C. B. Moore*, Attorney General, for the State.

The condition of the bond was that Rains should "answer said charge, and at all times render himself amenable *to the orders and processes of said court*," etc.

The finding of the second indictment suspended the first (*Gantt's Digest, sec. 1803*), but the first was in force until the second was found. The principal was bound to appear until acquitted or otherwise legally discharged. *22 Ark., 544; 28 Ib., 480; 34 Ib., 610*, and *18 Ala., 63.*

ENGLISH, C. J. This was an action in the name of the State against Albert Price and George H. Carson on a forfeited bail bond.

The material facts alleged in the complaint, controverted by the answer, and specially found to be true on a trial before the court, are in substance as follows:

At the May term, 1881, of the Circuit Court of Sebas-

tian County, for the Greenwood District, William Rains
was indicted for an assault with intent to kill and murder.
Bail was fixed by the court at $1,000, and during the same
term of the court he was arrested on capias, and the
defendants in this suit entered into a bail bond for him
before the sheriff, which was in the form following:

"William Rains being in custody charged with the
offense of an assault with intent to kill and murder, and
being admitted to bail in the sum of one thousand dollars,
we, Albert Price and George H. Carson, of Sebastian
County, Arkansas, hereby undertake that the above named
William Rains shall appear in the Sebastian Circuit Court
for the Greenwood District, from day to day and term to
term, to answer said charge, and shall at all times render
himself amenable to the order and process of said court in
the prosecution of said charge, and if he fails to perform
either of these conditions, we will pay to the State of
Arkansas the sum of one thousand dollars.

"ALBERT PRICE,
"GEORGE H. CARSON."

That, upon the execution of said bail bond by defend-
ants, Rains was released from custody. That at said May
term, 1881, said case of State v. Rains was docketed and
continued until the November term, 1881, and at said
November term, 1881, said case was again continued until
May term, 1882, with proper order of court requiring said
Rains to stand upon said bail bond.

That on the nineteenth day of April, 1882, the court
house in said district, together with the indictment, capias,
bond and all other papers and records of said court in and
pertaining to the case of State v. William Rains, were
totally destroyed.

That at the May term, 1882, of said court, the grand
jury returned another indictment against said William

Rains for the same identical offense for which he was first indicted, which on motion of the prosecuting attorney was docketed and called for trial by the court, and said Rains was called for trial on said charge in said second indictment, and failed to appear, and defendants, his bail, being also called, and failing to produce him, a forfeiture was entered on said bail bond.

It was upon this forfeiture that the complaint was filed, and upon the answer of defendants, the case tried by the court.

In addition to the above facts the court also found, from the evidence produced at the trial, that the first indictment had not been quashed by order of the court, nor had the case been remanded to the grand jury by order of court.

And, upon the facts found, the court declared the law to be "that no order quashing and remanding said first indictment to the grand jury was necessary before requiring the defendant to answer said second indictment, it being for the same offense; and that the finding of said second indictment by operation of law suspended the first indictment, and defendants having agreed in their bond that Rains would answer the charge, the finding of the second indictment does not alter or affect their liability."

The court gave judgment in favor of the State against defendants for $1,000, the penalty of the bail bond.

Defendants moved for a new trial on the ground that the "judgment was contrary to law, and not sustained by sufficient evidence." The motion was overruled, and bill of exceptions taken, and defendants appealed.

Before the answer was filed defendants entered a general demurrer to the complaint, which was overruled.

Whether the first indictment was in good or bad form does not appear, nor did that concern the bail. *Reeve et al. v. State, 34 Ark., 610.*

Bail not released by loss of indictment and finding of new one.

It is probable that the prosecuting attorney found it less troublesome to have the grand jury return a new indictment, upon the same charge, than to take the necessary steps to reinstate the one destroyed.

The destroyed indictment still had a legal existence, which, when the new indictment was found, was suspended, etc. (*Gantt's Digest, sec. 1803*), and it was proper to call Rains to answer the new indictment.

It does not appear that he was present at the May term 1882, as he should have been, to answer the charge in any form, and yet there had been no order of court discharging him, or exonerating his bail, and when called he made default.

The principal was bound to appear, and his bail had in legal effect undertaken that he should appear, from term to term, etc., until legally discharged.   *Gentry v. State, 22 Ark., 544; Moore v. State, 28 Ib., 480; Reeves et al. v. State, 34 Ib., 610.*

In *State, use, etc , v. Glenn et al., MS.,* Mr. Justice SMITH, in delivering the opinion of this court, said:   "The case of the *United States v. White, 5 Cranch, C. C. Rep., 369,* announces the safer rule that if the recognizance is conditioned to appear to answer to a certain indictment, and not to depart without leave of the court, it is not discharged by the quashing of that indictment, but remains in force until the defendant has leave from the court to depart; and if a new indictment be found, he and his bail are bound for his appearance to answer such new indictment."

On principle that rule applies in this case.

Affirmed.