## HORTSELL, ET AL., V. STATE.

1. BAIL: *When bound for defendant's appearance to new indictment.*
   When an indictment is quashed for insufficiency and the defendant ordered to answer to a new indictment, his bail is bound for his appearance to the new indictment, though it be for a higher offense, if it includes the offense described in the bail bond, or grows out of the same act or transaction.

2. BAIL BOND: *Its recitals conclusive.*
   The recital in a bail bond that the defendant was in custody when it was executed cannot be contradicted by his bail.

APPEAL from *Van Buren* Circuit Court.
Hon. G. W. DENISON, Special Judge.

*The Appellants pro se.*

The indictment charged two offenses, and the State failing to elect upon which count it would proceed, and a demurrer

being sustained to it, the order remanding the accused and holding him on his bail is a nullity. *Gantt's Dig., Secs. 1840, 1842 and 1844.*

No bail having been fixed by the Court, the sheriff had no authority to take bail. *28 Ark., 397.* There was no proof that Poe was sheriff, or had authority to take bail. *28 Id., 346.* Nor is there any showing that the accused was in custody. *Ib.*

Disturbing the peace and aggravated assault are separate and distinct offenses. *Gantt's Dig., Secs. 1298 and 1510,* and Appellants did not undertake that accused should answer the latter offense, *ubi sup.*

*D. W. Jones,* Attorney General, for Appellee.

The court expressly held Defendant on the bond and followed *Sec. 2169, Mansf. Dig.*

1. BAIL:— When bound for defendant's appearance to new indictment.

COCKRILL, C. J. Henry Thompson was indicted for disturbing the peace and for an assault and battery in one indictment. The Appellants were sureties on his bail bond. The amount for which bail should be taken was fixed by order of Court and the accused was arrested by the sheriff and the bond was taken and approved by him. A demurrer in short upon the record was sustained to the indictment, and the case was by order of the Court referred again to the grand jury and the Defendant released upon the bail bond already given. The grand jury returned another indictment against Thompson, and this time for an aggravated assault. He failed to appear, and, after being called, a forfeiture was taken on the bond. At the next term the Appellants appeared and made defense.

They claim that the demurrer was sustained because the indictment charged more than one offense, and that they were thereupon discharged by operation of law, notwithstanding the order of Court that the Defendant stand upon the bond they had

executed, and we are cited to *Section 2169, Mansf. Dig.*, to sustain the position. Without conceding the correctness of this argument it is sufficient to say that the record presents no question under this section. It does not disclose upon what ground the demurrer was sustained, and there is nothing to show that the State was put to an election between the counts, as there should be in an entry sustaining a demurrer upon this ground. *Ib. 2167.* The demurrer being general went to the sufficiency of the indictment, and may have been sustained upon that ground. In that event the right to hold the bail liable for the Defendant's failure to appear to answer a new indictment would not be questioned. The judgment of the Court sustaining the demurrer is not before us for review, and the action of a superior court is always presumed right when the contrary is not made to appear.

The Appellants urge that they did not undertake by their bond to answer for the appearance of their principal upon the charge of aggravated assault. Their bond was in the common statutory form. It was conditioned that Thompson should appear and answer the charge of disturbing the peace, and that ' he should at all times render himself amenable to the orders and process of the Court in the prosecution of the charge. One of the contingencies provided for by the statute when the bond was executed was an order quashing the indictment and holding the Defendant to answer another charge, and it is also provided that in case such order is made when the accused is on bail, his sureties shall answer for his re-appearance. *Mansf. Rev. St., 2158, 2169.*

These provisions were a part of the Appellants' obligation. *White v. Prigmore, 29 Ark., 208.*

The precautionary clause, that the Defendant shall render himself amenable to the orders of the court, was inserted to guard such a contingency. *Pack v. State, 23 Ark., 235.* It was ruled in *Price v. State*, that the bail had, in legal effect, under-

taken that the principal should appear from term to term until legally discharged. *42 Ark., 178.* And in *Pack v. State, sup.,* the Court say, " the law contemplates that the particular charge may not be sustained; that it may not be the one that he (the defendant) will be called to defend, but that out of the transaction some other charge may spring up for which his presence may be needed." It follows that the bail is liable for the appearance of the principal, if he is indicted for an offense of a higher grade, which includes the offense described in the obligation or which grows out of the same act or transaction. *Brandt Sur. & Guar, Sec. 435.*

The Court refused to instruct the jury that if Thompson was not actually in custody at the time the bond was executed they should find for the Appellants.

2. BAIL BOND: Its recitals conclusive.    It is one of the recitals of the bond that Thompson was in custody, at the time of its execution, and upon a familiar principle, often reiterated by this Court, the Appellants could not be heard to contradict it. *Edwards v. State, 22 Ark., 301 ; Ib., 524 ; Fowler v. Scott, 11 Ib., 686 ; Sullivan v. Pierce, 10 Ib., 500 ; Norton v. Miller, 25 Ib., 108 ; Norris v. Norton, 19 Ib., 319.*

Finding no error the judgment is affirmed.