Case 74—FORFEITED RECOGNIZANCE—January 26.

# Ramey, &c., v. Commonwealth.

### APPEAL FROM PIKE CRIMINAL COURT.

1. Bail are not discharged until they have placed the defendant in the custody of the court, where they found him, or have surrendered him to the jailer. A mere continuance from one term to another does not release the bail.

Ramey, &c., v. Commonwealth.

In this case the appellants undertook by a recognizance that the defendant should appear at the next term of the circuit court "to answer the indictment," and not depart "without leave of court." The case was continued at the next term, and when called for trial at the first term of the criminal court thereafter, to which all indictments had been transferred by the act creating that court, the defendant failing to appear, his recognizance was forfeited. *Held*—That the bail are not released.

2. CREATION OF CRIMINAL COURT—EFFECT ON BAIL.—Where by virtue of an act of the Legislature creating a criminal court all indictments pending in the circuit court for a particular county are transferred to the criminal court, all who have undertaken that a defendant shall appear in the circuit court are bound to take notice of the act creating the criminal court, and of the time prescribed therein for holding the first term of that court in the county where the indictment is pending, and are as fully bound for the defendant's appearance there as they would have been for his appearance in the circuit court at its next term if the criminal court had not been established.

JAMES M. YORK FOR APPELLANTS.

The undertaking of appellants was for the appearance of the defendant at the March term, 1884, of the Pike *Circuit* Court, and when the defendant appeared at that term, appellants were no longer bound, as they did not undertake that the defendant would at all times render himself amenable to the orders and process of the court. (Criminal Code, sections 73 and 85; Commonwealth v. Daniels, &c., 9 Bush, 551.) This case is unlike the case of Commonwealth v. Branch, 1 Bush, 60.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

Appellants undertook that the defendant would appear to answer the charge, *and not depart without leave of court.* The case was not called for trial, but continued, and this operated as a continuance of the liability. (Commonwealth v. Branch, 1 Bush, 60; Miller v. Commonwealth, 1 Duv., 19.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

John Maynard being under indictment in the Pike Circuit Court, appellants, at the September term, 1883, thereof, entered into the following recognizance:

"The defendant having been surrendered to the

jailer * · * was brought into court, and Joseph Ramey and Samuel Daniels * * appeared personally in court, and acknowledged themselves jointly indebted to the Commonwealth in the sum of five hundred dollars, to be void, however, if John Maynard shall appear in the Pike Circuit Court on the first day of its next March term, to answer the indictment for maiming found in said court against him, and not departing without leave of said court."

At the March term the case was continued to the September term, 1884, of that court, but upon whose motion does not appear, and at the same time witnesses for the Commonwealth were recognized, and an order of forfeiture and attachment against one of them was entered.

But by an act approved March 17, 1884, the "Criminal Court for the sixteenth judicial district," which includes Pike county, was created, the first term of the Pike Criminal Court held under that act beginning the first Monday in May, and taking jurisdiction of all criminal and penal cases pending in the Pike Circuit Court, including the case mentioned against Maynard, and he not appearing when the case was called at that term of the criminal court, the recognizance of appellants was adjudged forfeited, and at the July term thereof judgment for the amount fixed in the recognizance was rendered against them, both their motion to quash the summons and demurrer being overruled.

The question on this appeal is, whether the Commonwealth was entitled to a forfeiture of the recognizance and judgment against the bail by reason of

the failure of the defendant Maynard to appear at the May term, 1884, of the Pike Criminal Court to answer the indictment.

As the bail as well as the defendant were required to take notice of the act creating the Pike Criminal Court, and of the time prescribed thereby for holding the first term of that court, it seems to us clear that appellants were as fully bound for his appearance there as they would have been bound for his appearance at the September term of the circuit court, if the act creating the criminal court had not been passed.

The stipulation of the recognizance is for the appearance of John Maynard on the first day of the March term, 1884, of the Pike Circuit Court, to answer the indictment; and if construed literally without reference to the purpose for which he was to appear, or the provisions of the Criminal Code, it might be held that the bail were bound for his appearance on that day only, and that his mere personal presence would operate to discharge them. But the condition prescribed by law on which a defendant legally in custody of the court charged with a public offense may be discharged on bail or recognizance is, that the bail undertake that he shall appear before the court for the trial thereof. And as said by this court in Miller v. Commonwealth, 1 Duvall, 14: "The controlling principle seems to be that until the defendant is surrendered, or his appearance entered in discharge of the bond, the sureties have the control of him, and the court has not." For there are only three conditions upon which the

court in which a prosecution for a public offense is pending can legally direct the defendant to be arrested and committed to jail after he has given bail, or deposited money in lieu thereof:

1. When, by having failed to appear, a forfeiture has occurred.

2. When the court is satisfied that his bail, or either of them, is dead or insufficient, or has left the State.

3. Upon an indictment being found for an offense not bailable.

On the other hand, the bail may, at any time before a forfeiture, surrender the defendant to the jailer in vacation, or to the court when in session, and be thereupon exonerated.

It seems to us that if the recognizance in this case amounts to an undertaking that bound appellants at all, they continued bound until exonerated or discharged by delivering the defendant into the custody of the jailer or court; for until released by reason of the recognizance, the court had the power to hold him in custody, not merely from day to day, but from term to term of the court, until his case could be regularly reached and tried.

The meaning of an undertaking by bail who take from the court the custody of a defendant charged with a public offense is, that they will surrender him either before or when he is called to answer the charge; and, as has been heretofore held by this court, a mere order of continuance from one term of the court to another does not of itself release the bail or impair their undertaking, the only manner

in which they may be discharged being prescribed by law. In short, they have no right to claim a discharge of their undertaking until they have placed the defendant in the custody of the court where they found him, or surrendered him to the jailer.

By section 85, Criminal Code, it is provided that no bail bond or bail recognizance shall be deemed to be invalid by reason of any variance between its stipulations and the Code, provided it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged by reason of the giving of the bond or recognizance, and provided it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before . * * a court for the trial thereof.

That the defendant in this case was in custody under an indictment for a public offense when the recognizance was entered into by appellants, and that he was discharged by reason of the recognizance, are beyond question, and it seems to us also clear that appellants undertook that the defendant Maynard should appear before the Pike Circuit Court for the trial of the charge; for the language used in the recognizance imports nothing less than that.

The record shows that when the case was regularly called in the Pike Criminal Court, the defendant did not appear for the trial of the charge, or, in the equivalent language of the recognizance, *to answer the indictment found against him*, and, consequently, appellants failed to comply with their undertaking, and the judgment of the lower court was proper, and is affirmed.