EDWARD GLASGOW *et al.* v. THE STATE OF KANSAS.

1. RECOGNIZANCE — *Conditions not Complied With.* Where a defendant in a criminal action enters into a bond before an examining magistrate to appear at the district court, the conditions of the bond are not complied with if he merely appears at court and departs the same without leave before trial or judgment.

2. EXAMINING MAGISTRATE — *Duties — Valid Bond.* Section 53, chapter 82, Comp. Laws of 1885, authorizes an examining magistrate to require a defendant in a criminal action to enter into a recognizance for his appearance at the court where such defendant is to be tried; and when the defendant gives one, conditioned to appear at such court to answer the charge against him and not depart therefrom without leave, it is valid and within the provisions of said section.

*Error from Labette District Court.*

ACTION to recover upon a forfeited recognizance. Judgment for *The State* for $500 and costs, at the February term, 1887. The defendants, *Glasgow* and two others, bring the case here. The opinion states the material facts.

*James J. McFeeley,* for plaintiffs in error.

*S. B. Bradford,* attorney general, for The State; *Irwin Taylor,* of counsel.

Opinion by HOLT, C.: This action was brought upon the following bond, which, omitting caption, is as follows:

"Whereas, it appears that the offense of destroying and obstructing a locomotive of a railroad company has been committed, and there is probable cause to believe that the defendant, F. C. McGuire, is guilty of its commission: now we, the undersigned, residents of said county, bind ourselves to the state of Kansas in the sum of five hundred dollars, that said defendant shall appear before the district court of Labette county, on the first day of the next term thereof, to answer the complaint in said cause alleged against him, and not depart the same without leave."

The defendant McGuire appeared at the next term of the said district court, entered a plea of not guilty, a jury was impaneled, a trial had, and the jury returned a verdict of guilty; afterward, and before sentence or judgment was pronounced, he left, and has not been seen or heard of since. The court rendered judgment against defendants, as sureties upon the bond, for the full amount of the same; they bring the action here for review. They claim that under our statutes the examining magistrate is authorized to take bail only " in such sums as, in the opinion of the magistrate, will secure the appearance of the person charged with the offense, at the court where such person is to be tried." (Comp. Laws of 1885, ch. 82, § 53.) The magistrate in the preliminary examination made an order and entered it upon his docket requiring the defendant in the action of The State of Kansas against F. C. McGuire to give a bond to appear and answer the charge made against it, naming it, at the next term of the district court. The bond itself provides that he shall appear at said court and answer to the charge, and not depart therefrom without leave. The contention of the defendants is, that the statute only authorized the examining magistrate to take bail for the appearance of the defendant; and because the bond provides not only for the appearance, but that he is to answer the charge made against him and not to depart from the court without leave, it is more onerous than the provisions of the statute, and for

that reason is a nullity and cannot support the judgment based upon it. They also claim that the conditions of such a bond as would have been authorized by statute were fully complied with by the defendant McGuire; that he did appear at the term of the court, and therefore his sureties on the bond were released from all liability.

We think when a party is required to appear at the district court after a preliminary examination has been had or waived, that the use of the word "appear" implies that he is to appear for the purposes of a trial of the charges made against him. (Comp. Laws of 1885, ch. 82, §152.) It is not enough for the party to be there for the first day and then slip off without leave, in order to comply with the conditions of the bond; the very fact of the condition of his appearance is that he shall appear for a certain purpose; he appears for the trial of the charges made against him, and if he departs before the trial and judgment are had without leave of the court, his bond is forfeited. He appeared for trial, he departed before judgment. The statute provides that if, without sufficient excuse, he neglect to appear for trial or judgment, the court must direct the fact to be entered upon its minutes and declare the forfeiture of the bond. This was done; and under the showing and the testimony the court properly found a judgment upon the bond in favor of the state and against the defendants.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.