HATTIE M. CRAWFORD V. MEDAD VINTON.

102    83
106   423

*Chattel mortgage—Condition—Recognizance—Notice.*

The term "appear," as used in the condition to a chattel mortgage executed by a respondent in a criminal case to secure the mortgagees for becoming sureties for his appearance at a certain term of court to answer an information on file against him, and conditioned that, if the mortgagor shall "appear" at the next jury term of said court, then the mortgage 'shall be void, must be construed with reference to the obligation which the sureties have undertaken, and the appearance of the mortgagor at the term named will not void the mortgage, so far as notice to subsequent purchasers is concerned.

Error to Grand Traverse. (Ramsdell, J.) Submitted on briefs June 8, 1894. Decided September 25, 1894.

Trover. Defendant brings error. Reversed. The facts are stated in the opinion.

*Umlor & Pulcipher*, for appellant.

*Totten & Phelps*, for plaintiff.

McGRATH, C. J. This is trover for a span of horses seized by defendant under a chattel mortgage given May 29, 1891, by one Blakely, of Traverse City, Grand Traverse county, to Lars Sogge and Rudolph Ruff. The condition of the mortgage was that " if the said Blakely shall appear at the next jury term of the circuit court in Leelanaw county, Mich., then this mortgage shall be void and of no effect." Indorsed upon the mortgage was the following:

" This mortgage is given and is for the express purpose to secure the above-named party on his becoming surety in the penal sum of $500 for his (George A. Blakely's) appear-

ance at the next term of court, in November, 1891, in and for the county of Leelanaw, Michigan."

The court found the following facts:

"That on the 29th day of May, 1891, George A. Blakely made a chattel mortgage on a span of gray geldings, the chattel mortgage being in favor of Lars Sogge and Rudolph Ruff, to secure them against loss that they might sustain by reason of their entering into a recognizance with George A. Blakely as principal, said recognizance requiring Mr. Blakely's appearance at the circuit court for the county of Leelanaw, at the then next November term of court, to answer to an information that might be on file against him at that term; that, after he gave the mortgage, Mr. Blakely removed from the township of Traverse City, where he resided and where the mortgage has been recorded, to the township of Helena, in Antrim county, and took with him the property in question; that he remained there for some time, and held the property there; that he placed a chattel mortgage upon it in favor of the Bellaire Bank, and subsequently sold the property to Bass and Dewey; that Bass and Dewey held possession of the property for some time, and then sold it to Mr. Edward Clark, of Kalkaska; that subsequently Mr. Clark sold the same property to the plaintiff in this case; that in March, 1893, the property was taken upon the chattel mortgage by the agent of the original mortgagees, and claimed as theirs; * * * that George A. Blakely appeared at the November term of the circuit court for the county of Leelanaw, in 1891, to answer to an information filed against him, in accordance with the requirements of the chattel mortgage; that, at the time of and during that session of court, Mr. Blakely and the mortgagees agreed that the mortgage should continue in force as long as the recognizance continued in force; that this agreement was not put in writing, nor was it attached to the mortgage, so that the record of the mortgage showed nothing of the agreement that had been entered into between the parties at that term of court; * * * that affidavits of renewal were filed each year before the expiration of the time; that the mortgage was not recorded or filed in the township of Helena, in Antrim county, or in any of the townships where the subsequent purchasers resided; * * * that this plaintiff was a subsequent purchaser in good faith, without notice of the oral agreement between Mr. Blakely and the mortgagees."

Upon these findings the court concluded:

"The condition in this mortgage was that Mr. Blakely should surrender himself for trial, or to answer to the information on file against him, and, if he so appeared, then the mortgage was to be null and void. This was notice to every one interested in the property, and as it appears, as a matter of fact, that this condition in the chattel mortgage was fulfilled on the part of Mr. Blakely, the chattel mortgage became null and void at that time, so far as any notice to any subsequent purchasers might affect it. That any agreement entered into between Mr. Blakely and the mortgagees orally at that time, unless that agreement was brought home, by actual notice, to subsequent purchasers, could not be inferred from the chattel mortgage itself, and therefore held as constructive notice of the interest that the mortgagees still held as between them and Mr. Blakely, and that consequently they lost their rights as to subsequent purchasers in good faith and without notice."

Conceding that the record of the chattel mortgage operated as constructive notice of such facts only as would have been learned from the record if examined, and that the rule that what is sufficient to put a purchaser upon inquiry is notice of whatever the inquiry would have disclosed applies to actual, not constructive, notice, we think the construction given to the condition of the chattel mortgage in the present case was too narrow. It is evident from the face of the mortgage that it was given to indemnify the mortgagees as sureties for the appearance of Blakely at the next jury term of the circuit court, and the court finds that such was its purpose. A recognizance is a debt of record entered into before some court, judge, or magistrate having authority to take the same. Its object is to secure the presence of the defendant to perform or suffer the judgment of the court. The sureties are regarded in law as the keepers of their principal, and a continuance of the cause would not operate as their discharge. An appearance is defined as "the formal proceeding

by which a defendant submits himself to the jurisdiction of the court;" " the prescribed mode of complying with the exigency of the process." The usual form of a recognizance is for defendant's appearance at, etc., and not departing without leave. The term "appear," in the condition, must be construed with reference to the obligation which the sureties had undertaken, as disclosed by the instrument. The findings fail to disclose when the plaintiff purchased the property. The fact that the mortgage was kept alive by renewals properly filed is found, and it does not appear that the plaintiff purchased the horses before the filing. The renewals were notice of a claim still existing under the mortgage.

The judgment is reversed, and a new trial awarded.

The other Justices concurred.