## STATE V. BREEN *et al.*

One charged with an offense that requires his presence at the trial, and who has given an undertaking, conditioned that he shall appear and answer to the charge at the next term of the court in which the prosecution is pending, and shall at all times render himself amenable to the order and process of the court, and, if convicted, shall appear for judgment, and render himself in execution thereof, is required to appear at the next term or at any succeeding term to which the case, upon his application or by his consent, has been continued; and, if he fail to so appear, his recognizance may be declared to be forfeited, and his sureties become liable thereunder.

(Syllabus by the Court.    Opinion filed Feb. 9, 1895.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL Judge.

Action against the sureties upon an undertaking to appear given in a criminal action in the county court of Beadle county. Plaintiff had judgment and defendants appeal. Affirmed.

The facts are stated in the opinion.

*Horace Comfort,* for appellants.

*E. H. Alpin,* (State's Attorney, Beadle County) for respondent.

FULLER, J. In a criminal proceeding in county court, based upon an alleged violation of the prohibitory liquor law of this state, as shown by the complaint and information of E. H. Aplin, Esq., state's attorney, one John Murphy was charged and taken into custody of the sheriff on the 21st day of July, 1890, under a warrant of arrest, and was duly admitted to bail in the sum of $700, for his appearance for trial and judgment in said court. Immediately upon the giving of an undertaking, executed by himself as principal and the defendants herein as surety, the accused was released from custody. So far as essential to the question presented by this appeal, said undertaking is as follows: "We, John Murphy, as principal, and John T. Breen and W. H. Rowe, as sureties, hereby undertake that the above-named John Murphy shall appear and answer the charges above mentioned, in the county court of the county of Beadle, state of South Dakota, aforesaid, at the next term thereof, begun on the first Tuesday of January, A. D. 1891, and shall at all times render himself amenable to the order and process of the court, and, if convicted, shall appear for judgment, and render himself in execution thereof; or, if he fail to perform either of these conditions, that he will pay the state of South Dakota the sum of seven hundred ($700) dollars. [Signed] J. W. Murphy. W. H. Rowe. John T. Breen." At the January, 1891, term of said court, the defendant appeared, and entered a plea of not guilty; and, upon good cause shown an application for a continuance over the term, made by the defendant and his counsel, was by the court granted, and the case went over to the next regular July term of that year, when it was, by consent of counsel, again continued until the next regular term of said court, beginning on the first Tuesday of January, 1892. The defendant failing to appear in person at any time during said term to which the case was last continued, the court declared his bail to be forfeited, and this action is based upon such undertaking. By stipulation of counsel and consent of both parties, the case was tried to the court

without a jury. From a judgment in favor of plaintiff, and against the defendants, upon the bond, for the full amount claimed, and from an order overruling a motion for a new trial, defendants appeal.

There is no dispute containing facts, and the record presents to us but a single question of law. Appellant's only contention is that the accused, by his appearance and plea of not guilty, at the January, 1891, term of the county court, performed all the requirements of his recognizance, and that his sureties thereon were thereby discharged from further liability. But we are of the opinion that the language of such undertakiny is sufficiently comprehensive to require the accused to appear and remain in attendance upon the court during any subsequent term to which the case was continued; and in the absence of an excuse for his failure to appear and submit to the jurisdiction of the court at any time during the January, 1892, term, the court was justified in declaring his bail forfeited. Gallagher v. People, 88 Ill. 335; State v. Tieman, 39 Iowa, 474; Chase v. People, 2 Colo. 528; Gentry v. State, 22 Ark. 544; Moore v. State, 28 Ark. 480; 2 Am. & Eng. Enc. Law p. 32.

When defendants Breen and Rowe became sureties for Murphy, they became, in contemplation of section 7611 of the Compiled Laws, his friendly custodians; and unless he voluntarily appeared, and at all times rendered himself amenable to the order and process of the court, they were bound to produce him when his presence for trial was lawfully required. They were, in effect, his jailors, and so remained from term to term, as continuances of the case were obtained, and under their obligation became liable when he appeared not. Under section 7610 of the Compiled Laws, they were, at any time after becoming his sureties, authorized to arrest him at any place within the state, or to empower any officer or person of suitable age and discretion to do so, and to surrender him to the proper authority, and thus require the court to discharge and exonerate them from further liability. As this was not done,

defendants cannot escape liability; and the judgment of the circuit court is affirmed.