## PEOPLE *v.* HANAW.

1. CRIMINAL LAW—RECOGNIZANCE—MISNOMER OF OFFENSE.

An information charged the felonious breaking and entering in the night-time of a shop not adjoining to or occupied with a dwelling house, with intent to commit the crime of larceny. The respondent entered into a recognizance before the court in which the information was pending, conditioned for his appearance to "answer to an information on file against him for burglary." *Held*, that the recognizance sufficiently iden-' tified the offense charged, and that an action thereon was maintainable under 2 How. Stat. § 9485, providing that no action brought upon any recognizance shall be barred or defeated by reason of any defect in the form of the recogniz- ance, if it sufficiently appear therefrom at what court the party was bound to appear, and that the court before whom it was taken was authorized by law to take it.

2. SAME—CONTINUANCE—DISCHARGE OF SURETIES.

The sureties on a recognizance requiring the principal "to appear at the next term of the court, and not depart therefrom without leave until discharged," are not discharged by a con- tinuance of the case to the following term, granted upon the application of the principal at the term at which he was bound to appear.

3. SAME—JUDGMENT—INTEREST.

Under 2 How. Stat. § 8457, providing that the judgment upon a forfeited recognizance shall be for the amount of the pen- alty thereof, interest from the date of forfeiture cannot be included in the judgment.

Error to Lenawee; Lane, J.   Submitted June 20, 1895. Decided September 26, 1895.

*Assumpsit* by the people against Joseph Hanaw and John Kerr on a recognizance. From a judgment for plaintiff, defendants bring error. Modified and affirmed.

*Smith & Ware*, for appellants.

*Fred A. Maynard*, Attorney General, and *John E. Bird*, Prosecuting Attorney, for the people.

MONTGOMERY, J. This was an action on a recognizance entered into in open court in a proceeding pending against one Joseph Gregory upon an information which charged against Gregory the offense of feloniously breaking and entering, in the night-time, a shop not adjoining to or occupied with a dwelling house, with intent to commit larceny, and, in a second count of the information, the offense of larceny. The condition of the recognizance was as follows:

"If the said Joseph Gregory doth well and truly appear at the next term of this court, and answer to an information on file against him for burglary, and not depart from said court without leave until discharged by due course of law, then the said recognizance to be null and void."

1. It is contended that the misnomer of the offense rendered the recognizance void. Section 9485, 2 How Stat., provides that—

"No action brought upon any recognizance * * * shall be barred or defeated * * * by reason of any defect in the form of the recognizance, if it sufficiently appear from the tenor thereof at what court the party * * * was bound to appear, and that the court * * * before whom it was taken was authorized by law to require and take such recognizance."

While this provision does not dispense with the necessity of embodying the substance of the undertaking in the recognizance, it should be construed to cure errors in form which do not affect the rights of the principal or surety. The recognizance must, it is true, identify the proceeding; and, as the offense stated in the recognizance is simply designated as "burglary," which the offense charged in the information technically was not, if the recognizance had been taken out of court, and conditioned for an appearance to answer to an information to be thereafter filed, it may have been an insufficient designation of the offense. In *Cole* v. *People*, 37 Mich. 548, on a prosecution for a like offense as that charged in the

information in this case, the record of the sentence designated the offense as "burglary." The court said:

"The offense is not burglary, but is a statutory offense quite different from that in some particulars. Burglary is the felonious breaking and entering of a dwelling house in the night-time. This offense is the felonious breaking and entering in the night-time of a store not adjoining to or occupied with a dwelling house. But this misnomer in the order for judgment is of no importance. It could not affect the rights of the plaintiff in error, and it would be corrected by the record itself, which shows what the offense really was."

In the present case a term was employed which, while not the legal, technical name for the offense charged, was a term very commonly employed to designate the offense. But what is of more importance is that the recognizance was taken before the same court in which the information was then pending, and that information is referred to in the condition of the recognizance. We think the recognizance, in view of this fact, sufficiently identified the offense which the accused was to answer. See *Gildersleeve* v. *People,* 10 Barb. 35; *People* v. *Rutan,* 3 Mich. 50; *Daniels* v. *People,* 6 Mich. 386.

2. At the term of the court at which Gregory was bound to appear, a continuance was granted to the next term, on his application. It is contended that this operated to discharge the sureties. By the great weight of authority, this condition is construed to require the appearance from day to day, or from term to term, until discharged. 2 Am. & Eng. Enc. Law, 32; *Gallagher* v. *People,* 91 Ill. 590; *State* v. *Tieman,* 39 Iowa, 474; *Gentry* v. *State,* 22 Ark. 544; *People* v. *Hainer,* 1 Denio, 454; *State* v. *Breen,* (S. D.) 62 N. W. Rep. 135; *People* v. *Gordon,* 39 Mich. 261; *Crawford* v. *Vinton,* 102 Mich. 83.

3. We think error was committed in entering judgment for interest on the amount of the recognizance from the date of forfeiture. Section 8457, 2 How. Stat., provides that the judgment shall be for the amount of the

penalty of the recognizance. See, also, *Fraser* v. *Little*, 13 Mich. 195.

The judgment will be modified, and a judgment entered in this court for the penalty of the bond, $600, and costs of the court below.

The other Justices concurred.