KNIGHT *et al.* v. STATE *ex rel.* HENRY, *County Atty.*

No. 2847.   Opinion Filed January 28, 1913.

(130 Pac. 282.)

**BAIL**—Recognizances — Criminal Prosecution.   A recognizance, conditioned that the party charged shall appear and answer to a certain charge that may be preferred against him at a named term of the court, and to do and receive what shall be enjoined by said court upon him, and not depart from the said court without leave, may be extended to any subsequent term of said court by a continuance of said cause to such term.

(a)   The party charged failing to appear at such subsequent term, such recognizance may be duly forfeited and enforced against the sureties thereon.

(Syllabus by the Court.)

*Error from Greer County Court;*
*Jarret Todd, Judge.*

Action by the State, on the relation of H. D. Henry, county attorney, against T. H. Knight and others.   Judgment for relator, and defendants bring error.   Affirmed.

*B. F. Van Dyke,* for plaintiffs in error.

*H. D. Henry,* County, Atty., for defendant in error.

WILLIAMS, J.   On September 6, 1910, the defendant in error sued the plaintiffs in error, T. H. Knight, T. W. Baker, and M. D. Suitor, on a certain bail recognizance in favor of the state of Oklahoma.

Section 7112, Comp. Laws 1909 (Section 5941, St. Okla. 1890), is as follows:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of

bail, as the case may be, is and shall be thereupon declared forfeited. * * * "''

The language of the recognizance is that the principal "shall personally be and appear before the * * * county court * * * at the present term, held at Mangum, * * * to answer a charge of transporting intoxicating liquors * * * and to do and receive what shall be enjoined by said court upon him, and shall not depart the said court without leave." This recognizance, executed pursuant to said provision of the statute, was a "continuing bond."

In *Glasgow et al. v. State,* 41 Kan. 333, 21 Pac. 253, paragraph 2 of the syllabus is as follows:

"Section 53, c. 82, Comp. Laws 1885, authorizes an examining magistrate to require a defendant in a criminal action to enter into a recognizance for his appearance at the court where such defendant is to be tried; and, when the defendant gives one, conditioned to appear at such court to answer the charge against him, and not depart therefrom without leave, it is valid, and within the provisions of said section."

In the opinion it is said:

"The contention of the defendants is that the statute only authorizes the examining magistrate to take bail for the appearance of the defendant, and because the bond provides, not only for the appearance, but that he is to answer the charge made against him, and not to depart from the court without leave, it is more onerous than the provisions of the statute, and for that reason is a nullity, and cannot support the judgment based upon it. They also claim that the conditions of such a bond as would have been authorized by statute were fully complied with by the defendant McGuire; that he did appear at the term of the court, and therefore his sureties on the bond were released from all liability. We think when a party is required to appear at the district court, after a preliminary examination has been had or waived, that the use of the word 'appear' implies that he is to appear for the purposes of a trial of the charges made against him. * * * "

See, also, *Shriver et al. v. State,* 32 Okla. 507, 122 Pac. 160.

In *Ellison v. State,* 8 Ala. 273, it is said:

"When the recognizance is inspected, we find that the recognizors bound themselves that David A. Armstrong should make his personal appearance at the fall term of the circuit court of

Dallas, for the year 1843, to answer to a charge of the state, for an assault and battery, upon one David Armstrong, and, further, to do what should be required by that court. * * * At that term of the court, an indictment for that offense was returned by the grand jury, but no proceedings on the recognizance, or against the recognizors, was had until the spring term, 1844, when the principal being called and not appearing, a judgment *nisi* was rendered against each of the parties to the recognizance for the sum of $500. It is now insisted that the recognizors, not having been called to produce their principal at the fall term, 1843, were virtually discharged from all liability to do so at a subsequent term. It is said by Hawkins that: 'If persons be bound by recognizance for the appearance of one in the King's Bench, on the first day of the term, and that he shall not depart till he shall be discharged by the court, and afterwards a *nolle prosequi,* as to the particular charge upon motion is entered, and another is exhibited on which the defendant is convicted and refuses to appear in court after personal notice, the recognizance is forfeited; for, being express that the party shall not depart till he be discharged by the court, it cannot be satisfied unless he is forthcoming and ready to answer to any other information exhibited, while he continues not discharged, as much so as to that which he was particularly bound to answer to.' 2 Hawk. 173. Our practice, in misdemeanor cases, is supposed to differ from that pursued in England, inasmuch as the trial is always had when the defendant is present, and he is considered in strict custody as soon as placed on trial; but, even with this difference in practice, the quotation from Hawkins is conclusive to show that the recognizors are bound to produce their principal to answer the charge, and that they are not released by the omission to call out the recognizance at the term at which the indictment is found. No injury can ever arise to the recognizors, as they are entitled at any time to surrender their principal in discharge of the recognizance. Clay's Dig. 450, par. 34. Whether the recognizance would continue in force, without some special order, when no indictment was returned at the proper term is a question not involved in this case. * * * "

Our statute also provides that a party admitted to bail may be arrested by his bailors at any time before they are finally discharged, at any place within the state, or, by a written authority indorsed on a certified copy of the recognizance, bond, or undertaking, may empower any officer or person of suitable age and discretion to do so, and he may be surrendered and delivered

to the proper sheriff or other officer, before any court, judge, or magistrate having the proper jurisdiction in the case, and at the request of such bail the court, judge, or magistrate shall recommit the party so arrested to the custody of the sheriff or other officer, and indorse on the recognizance, bond, or undertaking, or certified copy thereof, after notice to the district (county) attorney, and, if no cause to the contrary appear, the discharge and exoneration of such bail; and the party so committed shall therefrom be held in custody until discharged by due course of law. Section 7111, Comp. Laws 1909.

The following authorities support the rule announced in the Alabama case: *Gentry v. State,* 22 Ark. 544; *Moore v. State,* 28 Ark. 480; *Price et al. v. State,* 42 Ark. 178; *Hortsell v. State,* 45 Ark. 59; *Norfolk et al. v. People,* 43 Ill. 9; *Stokes et al. v. People,* 63 Ill. 489; *Gallagher et al. v. People,* 88 Ill. 335; *Rubush v. State,* 112 Ind. 107, 13 N. E. 877; *State v. Brown et al.,* 16 Iowa, 314; *State v. Ryan et al.,* 23 Iowa, 406; *Commonwealth v. Branch,* 64 Ky. (1 Bush) 59; *Ramey, etc., v. Commonwealth,* 83 Ky. 534; *Id.,* 7 Ky. Law Rep. 704; *State v. Plazencia,* 6 Rob. (La.) 417; *People v. Hanaw,* 106 Mich. 421, 64 N. W. 328.

The judgment of the lower court is affirmed.

All the Justices concur.