Walter Willis was tried and convicted at the March, 1913, term of the district court of *Page 380 
Love county upon a charge of having murdered one W.A. Anglin, and his punishment fixed by the jury at death. The judge of the district court of Love county furnished to the Governor of Oklahoma a certified transcript of the testimony and proceedings of the trial. The Governor, on the 23rd day of September, 1913, transmitted the said record to the presiding judge of this court requesting an advisory opinion as provided by the statute. To this request the presiding judge returns the following reply:
To the Governor of Oklahoma:
The presiding judge of the Criminal Court of Appeals of Oklahoma, responding to your official communication of September 23, 1913, which presents for his consideration a certified copy of the record of the conviction of Walter Willis, who was, on the 25th day of March, 1913, by the judgment of the district court of Love county sentenced to death in accordance with the verdict of a jury returned upon his trial finding him guilty of the murder of W.A. Anglin and assessing his punishment at death, which judgment and sentence required that the said Walter Willis be executed on Friday, May 23, 1913; the execution according to information aliunde the record having been stayed by you to Friday, October 24, 1913, hereby submits the following:
From an examination of the records of this court, I find that no appeal has been taken in said cause. The law has been interpreted by the court to contemplate an advisory opinion by the judges of this court or any one of the judges thereof when an appeal has not been taken from a judgment and sentence of death. In this case there has been no appeal. Therefore, the opinion should be rendered as requested.
This is a companion case to the case of State v. Lawrence Gaines, 35 Okla. 375, 135 P. 1195, and comes to the presiding judge in the same manner, at the same time, and for the same purpose as the Gaines transcript. The testimony was largely the same as in the Gaines Case. There is before the writer a sworn statement signed by Walter Willis in which he admits that he was one of the murderers of W.A. Anglin and Boy Gaines was the other. I find nothing from the entire record which *Page 381 
in my judgment, so far as the law is concerned, would warrant me in advising an interference with the judgment and sentence of the trial court. The accused was fairly and impartially tried, and all the formalities of the law were complied with. There is not a shadow of doubt concerning his guilt. The murder was a most atrocious one, without the slightest provocation or extenuating circumstances. Briefly stated, this accused, by his own admission, killed Vinnie Gaines and threw her body into Bayou creek in Love county, and assisted in killing W.A. Anglin and placing his body in the same stream, the object and purpose of the murder being robbery. It is clear from the proof in the record that Anglin was stupidly drunk, and in a helpless condition at the time of the homicide; that the woman when protesting against the murder of Anglin was assaulted and killed in a most heartless manner.
You are respectfully advised that it is my opinion that all the safeguards and provisions of the law necessary to justify the execution of Walter Willis have been observed. Respectfully submitted.