STATE, to Use of CUSTER COUNTY, v. DECKER *et al.*

No. 5097.   Opinion Filed October 12, 1915.

(152 Pac. 353.)

**BAIL—Bail Bond—Construction.**   A bail bond, conditioned that the defendant shall appear before the court on a certain stated day to answer a certain criminal charge, and shall do and receive what shall be enjoined by said court upon him, and shall not depart from said court without leave, is a continuing bond, and binds the defendant and his sureties for his appearance at each subsequent term until duly discharged by the court.

(Syllabus by Mathews, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by the State, for the use and benefit of Custer County, Okla., against Pidge Decker and others.   Judgment for defendants, and plaintiff brings error.   Reversed and remanded, with directions.

*E. J. Lindley* and *Chas. T. Randolph,* for plaintiff in error.

Opinion by MATHEWS, C.   This was an action upon a forfeited recognizance or bail bond.   On the 1st day of December, 1910, defendant Decker, as principal, and defendants Smith and Austin, as sureties, entered into a recognizance for the appearance of the said Decker before the superior court of Custer county to there answer to a criminal charge filed in that court against him.   The condition of the bond required him to appear on the 6th day of September, 1910.   The terms of the superior court of Custer county commenced on the first Monday in each month.   The assignment having already been made for the September term, the case went over to the October term.

No jury was called after this until the December term, when this case was continued by agreement. The next jury called was for the following March term, and this case was assigned for trial at that term, and defendant made default when the case was called for trial.

The recognizance is conditioned that the defendant Pidge Decker "shall be and appear before the superior court of Custer county and state, on the 6th day of Sept., 1910, at the hour of 1 o'clock p. m., of said day, to answer a charge preferred against him for the crime of unlawfully and willfully selling intoxicating liquors, and do and receive what shall be enjoined by said court upon him, and shall not depart said court without leave." The trial court held the bond good as to the principal, Decker, but ruled that it was void as to the two sureties; the court holding that the sureties had undertaken that the defendant would appear for trial on the 6th day of September, 1910, only, and were not liable for his failure to appear at some later date or term.

In thus holding the court committed error. The case of *Knight et al. v. State*, 35 Okla. 375, 130 Pac. 282, is directly in point and decisive of this case. This court in that case correctly held that a bail bond worded in almost the exact language of the bond under consideration was a continuing bond, and bound the defendant and his sureties to appear at each subsequent term until discharged by the court. See authorities cited in that case. The statutes make ample provision for the relief of the defendant in a criminal case if he is not granted a speedy trial; but, if his trial is unduly delayed by the state, a condition which does not appear in this case, the defendant should make application to the court to be discharged upon those grounds, but such a condition will not warrant his depart-

ure without leave of the court, and until formally discharged by the court.

The judgment will be reversed, and cause remanded, with instructions to the trial court to enter judgment for plaintiff as prayed for.

By the Court:  **It is so ordered.**