## COURT OF APPEALS,

### January 1916.

## THE PEOPLE v. LOUIS PARISI.

### (217 N. Y. 24.)

BAIL—LIABILITY OF SURETY UPON BOND OR RECOGNIZANCE OF DEFENDANT
INDICTED FOR CRIME TO APPEAR FOR TRIAL—FORFEITURE OF BOND—
AMOUNT OF RECOVERY.

A surety who has given an undertaking for the appearance of
his principal to answer to an indictment is responsible for his
appearance in the proper court, not only upon the first day of the
term, but upon any subsequent day thereof without notice, and it
is not necessary that the surety should be notified of the indict-
ment of his principal and of the court in which he should be pro-
duced to answer the indictment, although said indictment may be
found in any one of two or more courts.

If there is sufficient excuse for the failure of a surety to pro-
duce his principal, the court, under the provisions of the Code of
Criminal Procedure (§ 593, 594, 597), has ample power to to relieve him
from his default and vacate the order forfeiting the recognizance, and
in the absence of such action it is not permissible to him to go back
of the order forfeiting the bail and insist that he should have had
some notice before default was taken and the same was entered.

Such a recognizance is executed under a statute for the purpose
of securing and insuring the performance of an act and not for the
payment by the principal of moneys. (Code Crim. Pro. § 595; Code
Civ. Pro. § 1966.)   The recovery should be limited by the pen-
alty and interest from the date of the forfeiture should not be al-
lowed thereon.

People v. Parisi, 164 App. Div. 900, modified.

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered Aug-
ust 7, 1914, affirming a judgment in favor of plaintiff entered
upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas C. Whitlock* for appellant.

The complainant failed to allege, and the evidence at the trial failed to establish, a cause of action against the defendant. (People v. McKenna, 62 App. Div. 327; People v. Scott, 67 N. Y. 585.) In an action to recover upon a bond of the character here sued upon, the People cannot recover interest. (Polhemus Printing Co. v. Hallenbeck, 46 App. Div. 563; Westcott v. F. & D. Co., 87 App. Div. 497; Sachs v. American Surety Company, 72 App. Div. 60.)

*James C. Cropsey, District Attorney* (*Hersey Egginton* and *Ralph E. Hemstreet* of counsel), for respondent.

Defendant's objections that there was neither pleading nor proof of notice to him and the accused that the criminal case would be called for trial, and neither pleading nor proof of the calling of the accused for trial, and of his non-appearance, cannot be sustained. (People v. Huggins, 10 Wend. 464; People v. Van Eps, 4 Wend. 387; People v. Blankman, 17 Wend. 252; People v. Haggerty, 5 Daly, 532; People v. Stager, 10 Wend. 431; People v. Kurtz, 9 N. Y. Supp. 745; People v. Bennett, 137 N. Y. 601; 136 N. Y. 482.) The appellant's promise to pay to the People of the State of New York the sum of $1,000 became absolute by the order of forfeiture on November 12, 1908, and that sum then became due and owing to the People. The law by way of damages and compensation for appellant's default in payment implies and allows interest on that sum from the date of his failure to pay. (Pingrey on Suretyship, § 413; Matter of Pellegrino, 152 App. Div. 482; 207 N. Y. 770; Champlain v. People, 2 N. Y. 82;

Pernetti v. People, 99 App. Div. 391; 181 N. Y. 556; People v. Gillman, 125 N. Y. 372; People v. Russell, 35 Misc. Rep. 765; 67 App. Div. 620; Poillon v. Volkenning, 11 Hun, 385; Mossein v. Empire State Surety Co., 117 App. Div. 820; Glaser v. N. Y. Physicians' Mutual Aid Assn., 32 Misc. Rep. 67; Child's Suretyship & Guaranty, 267, 268, 269, 270; 2 Sedgwick on Damages [9th ed.], § 678; Brainard v. Jones, 18 N. Y. 35; Hood v. Hayward, 124 N. Y. 1; Sanders v. Lake Shore, etc., R. Co., 94 N. Y. 641.)

HISCOCK, J.:

This action was brought to recover with interest the penalty of a forfeited recognizance.

One Sullivano was held by a city magistrate in the borough of Brooklyn to await the action of the grand jury upon a charge of violating section 410 of the Penal Code. Thereupon the appellant Parisi in accordance with the provisions of section 568 of the Code of Criminal Procedure executed an undertaking whereby he undertook that said Sullivano should " appear and answer the charge above mentioned, in whatever court it might (may) be prosecuted; and should (shall) at all times render himself amenable to the orders and process of the court, and if convicted should (shall) appear for judgment * * * or if he fail to perform either of these conditions that he would (will) pay to the People of the State of New York one thousand dollars."

Sullivano having been indicted upon said charge and having been duly called to answer at a term of the Supreme Court in Kings county failed to appear or answer and thereupon his default was taken and an order made declaring appellant's undertaking forfeited and this action was brought to recover the penalty of said undertaking with interest from the date when said order of forfeiture was entered. By a motion made on the trial to dismiss the complaint as not stating a cause

of action and by objections duly taken appellant raised two questions which are now argued.

These questions involve the propositions that it was necessary that appellant should be notified of the indictment of his principal and of the court in which he should be produced to answer said indictment, which was not done, and, secondly, that no interest should be allowed on the penalty fixed in the recognizance.

In support of the first proposition it is urged that the principal, after being held by the magistrate, could have been indicted and tried either in the County Court or in the Supreme Court, and that it was reasonable and necessary that the surety should have been informed where an indictment had been found and would be brought to trial before he could be expected to produce his principal or become in default for not doing so.

It seems to be settled that a surety who has given an undertaking for the appearance of his principal to answer to an indictment at a given term of court is responsible for his appearance, not only on the first day of the term, but on any subsequent day thereof without notice. (People v. Blankman, 17 Wend. 252; People v. Kurtz, 9 N. Y. Supp. 745; Rubush v. State, 112 Ind. 107.)

While compliance with this principle is more burdensome where the surety has given an undertaking which makes him responsible for the appearance of his principal in either of two or more courts instead of one, I do not think that the rule is thereby changed but that he undertakes the obligation to produce his principal at whichever term of court becomes proper. I assume that, as a matter of practice, no district attorney would be inclined to take advantage of the default of a surety who, through innocent inadvertence, mistake or ignorance, had failed to produce his principal at the proper time and place, and if such a case should occur the court would doubtless find it easy to relieve the surety from his default

under the ample provisions of sections 594 and 597 of the Code of Criminal Procedure. In this case there is no indication that appellant's default was due to any innocent inadvertence or failure to learn the court wherein his principal was bound to appear.

But if I am wrong in the view thus expressed, I think there is still another answer to appellant's claim on this branch of the case. Under section 593 of the Code of Criminal Procedure on default of the surety an order of forfeiture was duly entered by the court and thereby his recognizance became fully and completely forfeited and his obligation to pay the amount therein fixed accrued and became absolute. The order was entered in the Supreme Court and its jurisdiction to declare the forfeiture and enter the order must be presumed, and so long as this order remains in force it is conclusive upon the appellant of such forfeiture. If there was sufficient excuse for his failure to produce his principal, the court, under the provisions of the Code already referred to, had power to relieve him from his default and vacate said order, and in the absence of such action it is not permissible to him to go back of the order and insist that he should have had some notice before default was taken and the same was entered. (People v. Blankman, *supra*, 252, 257; People v. Bennett, 136 N. Y. 482.)

We then come to the second question, whether the trial court erred in allowing a recovery of interest on the penalty of the recognizance from the date of forfeiture. Our attention has not been called to any decision authoritatively settling this question, and we are assured that there has been more or less confusion of practice in the trial courts, sometimes a recovery of interest being allowed and at other times not.

Section 595 of the Code of Criminal Procedure in force at the time in question provided: " If the forfeiture be not discharged, * * * the district attorney may, at any time

after the adjournment of the court, * * * proceed against any surety upon his undertaking."

Section 1966 of the Code of Civil Procedure provided: "Where a recognizance to the people is forfeited, and the district attorney of the county in which it was taken, brings an action to recover the penalty thereof, it is not necessary, in such an action, to allege or prove any damages, by reason of the breach of the condition; but where the people are entitled to judgment therein, they must have judgment absolute, for the penalty of the recognizance."

This latter section was a substantial re-enactment of the provisions of the Revised Statutes (2 R. S. 485, section 29), which provided: "Whenever any recognizance to the people of this state shall have become forfeited, the district attorney of the county in which such recognizance was taken, shall prosecute the same, by action of debt for the penalty thereof; and the proceedings and pleadings therein, shall be the same in all respects, as in personal actions for the recovery of any debt, except that it shall not be necessary to allege or prove any damages by reason of a breach of the condition of such recognizance; but on such breach being found or confessed, or upon a judgment by default being entered against the defendants, the judgment shall be absolute for the penalty of the recognizance."

We think that a reasonable interpretation of these sections standing by themselves indicates a legislative intent to limit the recovery in such a case as this to the penalty of the recognizance and without any addition of interest. But if there were any uncertainty in the interpretation of these statutory proceedings considered by themselves, we think this uncertainty is removed by a consideration of general principles applicable to their interpretation and by a consideration of other kindred and subsequent statutory enactments.

This recognizance is executed under a statute for the pur-

pose of securing and insuring the performance of an act and not for the payment by the principal of moneys and in such a case the general rule seems to have been early established both in England and in this state that the recovery should be limited by the penalty. (Lyons v. Clark, 8 N. Y. 148.)

This principle finds expression in section 1915 of the Code of Civil procedure, that in an action upon a penal bond damages to be recovered for a breach or successive breaches of the condition " cannot, in the aggregate, exceed the penal sum, except where the condition is for the payment of money; in which case, they cannot exceed the penal sum, with interest thereupon, from the time when the defendant made default in the performance of the condition."

In addition, since the execution of the recognizance and the forfeiture thereof upon which this action is based, section 595 of the Code of Criminal Procedure has been so amended as to provide that in the case of the forfeiture of a recognizance similar to the present one the recognizance " together with a certified copy of the order of the court forfeiting the same, shall be filed by the district attorney in the office of the clerk of the county wherein such order shall have been made, and thereupon the said clerk shall docket the same in the book kept by him for docketing of judgments and enter therein a judgment against the surety or sureties in said recognizance named for the amount of the penalty of said recognizance, and the recognizance, and the certified copy of the order forfeiting the recognizance, shall constitute the judgment roll."

This section clearly limits the amount of the judgment to be entered to the penalty and while it provides so far as concerns a case arising in the county where this one did, a new method of entering judgment upon the recognizance, there is no reason to believe that it was intended to change the amount for which said judgment should be entered or to adopt any different rule of practice in that respect than was understood by the legis-

lature to be in effect at the time the amendment was adopted. I think in this manner it amounted in some degree to a legislative interpretation of the statutory provisions theretofore governing this subject.

These views are confirmed by the decisions in United States v. Broadhead (127 U. S. 212) and People v. Hanhaw (106 Mich. 421).

In the former case it was held, in a suit brought upon a bond in the penal sum of five thousand dollars conditioned for the appearance of the principal, in the District Court of the United States, to answer to an indictment, that no interest could be recovered; and in the latter case, which interpreted a statute not seeming to differ materially from our own, it was held that the allowance of interest upon the penal sum of the recognizance from the date of its forfeiture was error.

In accordance with these views I recommend that the judgment appealed from be modified by striking therefrom the amount allowed by way of interest upon the recognizance from the date of forfeiture, and as modified affirmed, without costs.

COLLIN, HOGAN, CARDOZO, SEABURY and POUND, JJ., concur; WILLARD BARTLETT, Ch. J.; not voting.

Judgment accordingly.