STATE OF NEBRASKA, APPELLEE, v. ROBERT MORSE, APPELLEE, IMPLEADED WITH MARK B. TINSLEY ET AL., APPELLANTS.

105 N. W. 2d 572

Filed October 28, 1960. No. 34795.

*Heiss & Lammers* and *Webb, Kelley, Green & Byam,* for appellants.

*Clarence S. Beck,* Attorney General, and *Bernard L. Packett,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Mark B. Tinsley and Earlene Tinsley were charged with the possession by them in Scotts Bluff County of tools suitable for breaking and entering with the intention to use them for a burglarious purpose. The offense ascribed to them was a felony. § 28-534, R. R. S. 1943. The county court of Scotts Bluff County, in which proceedings were initiated, required the accused to appear in the district court for that county and fixed bail for each of the accused in the sum of $5,000 for his and her release respectively from custody. The accused each tendered an appearance bond in that amount executed by them respectively as principal and signed by the Summit Fidelity and Surety Company as surety. The bonds were accepted, approved, and filed by the county court and accused were thereupon released from custody.

Mark B. Tinsley and Earlene Tinsley will be referred to herein as accused except when they and the Summit Fidelity and Surety Company are spoken of collectively they will be designated appellants. State of Nebraska will be designated appellee.

The condition of each of the bonds was that the accused named therein would personally appear in the district court for Scotts Bluff County on the first day of the next jury term of that court and from time to time as ordered by it until the final determination of the cause and that accused would not depart the court without leave.

The first day of the next jury term of the district

court for that county after the bonds were furnished and approved was July 13, 1959. Transcript of the proceedings had in the cause in the county court was filed in the district court June 9, 1959, and on that date an information charging the accused with the crime described above was filed in the district court. The accused or either of them did not appear in the district court July 13, 1959. The accused were located and taken into custody at South Gate, Los Angeles County, California, shortly before December 7, 1959. They were returned to Scotts Bluff County by representatives of the surety and were arraigned in the district court on that date on the charge above described. The district court, on motion of the county attorney made on behalf of appellee, found a breach of each of the bonds furnished by the accused and adjudged a forfeiture of each of them. Thereafter the district court held a hearing at which the interested parties introduced evidence and presented arguments, at the conclusion of which the court found that judgment should be rendered on the two bonds against appellants for the sum of $9,500 and that the surety should be granted a reduction of the total of the two bonds of $500 on account of expenses of the surety in returning the principal in each of the bonds from Los Angeles County, California, to Scotts Bluff County, Nebraska. A judgment was rendered by the district court against appellants for $9,500 on the appearance bonds furnished by the accused because of their default in failing to perform the requirements of the bail as above recited and the forfeiture of the bail as previously adjudged by the district court. Their motion for a new trial was denied and from that ruling they have prosecuted this appeal.

There is no issue of fact in this case. The existence, validity, effectiveness, and breach of each of the bonds were established. The accused or either of them did not appear in or attend court as the bonds required. The principals in the bonds were then fugitives from

justice attempting to escape detection by officers of the law and they were successful in that respect for a period of about 6 months. A case for forfeiture of each of the bonds and judgment for the penalty of each thereof was complete. It is provided by statute that if there is a breach of condition of a bail bond, the court shall declare a forfeiture of the bail; and when a forfeiture has been had, the court shall, on motion, enter judgment and execution may issue thereon. §§ 29-1106 and 29-1108, R. R. S. 1943.

If the surety on a bail bond fails to deliver his principal into the custody of the proper officer of the law or to procure his attendance in court as the bond requires, the liability of the makers of the bond for the penalty thereof becomes absolute and the bond should be forfeited. A bail bond is a contract between the surety and the State that if the latter will release the principal from custody, the surety will undertake that the principal will appear personally at any specified time and place to answer the charge made against him; and upon failure of the principal to so appear, the makers of the bond become absolute debtors of the State in the amount of the penalty of the bond. When a surety makes a bail bond it assumes the risk involved if its faith in the principal is misplaced. State v. Honey, 165 Neb. 494, 86 N. W. 2d 187.

Appellants argue that the judgment rendered herein is void because it is in excess of the jurisdiction of the district court. It was stipulated by appellee and appellants that a hearing of the motion for judgment on the order of forfeiture of the bonds of Mark B. Tinsley and Earlene Tinsley should, without notice to appelants or any of them, be held commencing at 10 o'clock on the morning of January 9, 1960. The hearing was held at that time and the judgment was rendered that day. There were present the county attorney of Scotts Bluff County representing appellee, the attorney representing the appellants, and an officer of the surety.

They all participated in the hearing. The bail bonds were furnished, accepted, and filed in the case. The district court had jurisdiction of the subject matter and of the parties interested in the proceeding for the forfeiture of the bonds and the entry of judgments for the liability thereon. The argument of appellants in this respect is incorrect. Section 29-1106, R. R. S. 1943, directs: "When there is a breach of condition of a recognizance, the court shall declare a forfeiture of the bail." Section 29-1108, R. R. S. 1943, provides in part: "When a forfeiture of a recognizance has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond, the obligors submit to the jurisdiction of the court * * *. The liability upon the bond may be enforced on motion without the necessity of an independent action."

The accused each separately furnished a bail or appearance bond of $5,000. Mark B. Tinsley was not a party to, had no connection with, and was not liable for any amount on the bond given by Earlene Tinsley. Likewise she was not interested in or liable for any amount of the bond furnished by Mark B. Tinsley. The liabilities of the accused were several and not joint. Appellants say the joint judgment against them is void as to the principal named in each of the bonds respectively because the liability of each principal was not in excess of $5,000 but the court rendered judgment against each of them and the surety for $9,500.

The motion of appellants for a new trial separately specified: (1) Error in the assessment in the amount of the recovery in that it is too large, being based upon both bonds; (2) that the decision is not sustained by the evidence; and (3) that the decision is contrary to law. A judgment against Mark B. Tinsley on account of the bond furnished herein by him could not legally have been for more than $5,000, the amount of the penalty of the bond. Likewise a judgment against Earlene

Tinsley on account of the bond furnished by her herein could not legally have been for more than $5,000, the amount of the penalty of her bond. The rendition of a judgment herein for $9,500 against each of the accused was incorrect as to the amount of the recovery, was not sustained by evidence, and was contrary to law. The judgment being erroneous as to each of the principals cannot be sustained as to the surety. There should have been a judgment on the bond furnished by Mark B. Tinsley against him and the surety thereon for an amount not in excess of the penalty of the bond and a separate judgment on the bond furnished by Earlene Tinsley against her and the surety thereon for an amount not in excess of the penalty of the bond. A judgment on account of a breach of the condition of a bail bond may be rendered for the full amount of the penalty of the bond but not for more.

In People v. Parisi, 217 N. Y. 24, 111 N. E. 253, Ann. Cas. 1916C 111, the court said: "This recognizance is executed under a statute for the purpose of securing and insuring the performance of an act and not for the payment by the principal of moneys and in such a case the general rule seems to have been early established both in England and in this state that the recovery should be limited by the penalty."

In United States v. Broadhead, 127 U. S. 212, 8 S. Ct. 1191, 32 L. Ed. 147, it is stated: "These cases are suits brought upon two bonds given by John F. Broadhead and his sureties, conditioned for his appearance in the District Court of the United States for the District of California, to answer two separate indictments for making and forging checks on the Assistant Treasurer of the United States at San Francisco. The penalty of each of these bonds was $5000, and, according to well settled principles, no interest can be recovered in such a suit as this, nor can any recovery be had beyond the amount prescribed in these instruments, except for costs."

It is declared in Empire State Surety Co. v. Lindenmeier, 54 Colo. 497, 131 P. 437, Ann. Cas. 1914C 1189: "It is a general rule, and well settled, that sureties are liable only to the extent of the penalty of the bond."

People v. Hanaw, 106 Mich. 421, 64 N. W. 328, was an action on a recognizance furnished by Joseph Gregory upon an information which charged him with the offense of breaking and entering in the nighttime a certain shop with intent to commit larceny. Concerning the judgment which was rendered on the recognizance the court said: "We think error was committed in entering judgment for interest on the amount of the recognizance from the date of forfeiture. * * * The judgment will be modified, and a judgment entered in this court for the penalty of the bond, $600, and costs of the court below." See, also, 8 C. J. S., Bail, § 106, p. 210; 6 Am. Jur., Bail and Recognizance, § 221, p. 156.

The judgment should be and it is reversed and the cause is remanded to the district court for Scotts Bluff County for further proceedings according to law.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.